**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                             4:02CR00206-01-WRW

**IVAN TATE**

**ORDER**

Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 19). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008. After reviewing the case, I find that Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction. Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants whose recalculated guideline range, using amended § 2D1.1, will be more than the sentence that was imposed. In such cases, the defendant is not entitled to a sentence reduction.

Defendant was originally sentenced to a statutory maximum sentence of 60 months. His original guideline range was 151-188. Applying the amended version of § 2D1.1, Defendant's recalculated guideline range is 130-162. Both the original and recalculated guideline ranges applicable in this case are <u>greater</u> than the 60 month statutory maximum sentence that was imposed. Additionally, Defendant is serving a sentence determined by statute rather than the sentencing guidelines.

## CONCLUSION

Since Defendant's sentence is unaffected by the retroactive crack cocaine amendment to § 2D1.1, the Motion to Reduce Sentence (Doc. No. 19) is DENIED.

IT IS SO ORDERED this 4th day of November, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE